THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TONI ANN QUAGLIARIELLO, et al., :
: CIVIL ACTION NO. 3:20-CV-699
    Plaintiffs, : (JUDGE MARIANI)
:
v. :
:
:
LEONARD DiPASQUALE, et al., :
:
    Defendants. :

FILED
SCRANTON
NOV 16 2020
PER _____ DEPUTY CLERK

## ORDER

A case management conference was conducted in the above-captioned matter on November 12, 2020. Participating on behalf of Plaintiffs were Peter Wood, Matthew Mobilio, Erika Piccirillo, and Alex Pisarevsky. Participating on behalf of Defendants were Michael Murray and Steven Shafron. The purpose of this Order is to set forth the pretrial schedule established as a result of the conference.

AND NOW, THIS __16th__ DAY OF NOVEMBER 2020, IT IS HEREBY ORDERED THAT:

1. Pursuant to this Court establishing a pilot program of random selection of cases for early mediation, **Joseph Barrett, Esq.,** is appointed as mediator in this case.

2. The mediation conference shall be conducted in accordance with Rule 16.8.6 of the Middle District of Pennsylvania.

3. In accordance with Rule 16.8.3 of the Middle District of Pennsylvania, the services of the mediator shall be provided *pro bono*.

4. The Clerk of Court is directed to cause a copy of this Order to be served on Joseph Barrett, Esq., and to make the file in this case available to him at his convenience.

5. Mediation shall be deferred pending notification by the parties that the case is in a posture to proceed to mediation.

6. Mediation shall take place within forty-five (45) days of said notification by the parties. The mediator shall file the following report at the conclusion of the mediation:

### MEDIATION REPORT

In accordance with the Court's mediation order, a mediation conference was held on _____, 20\_\_\_, and the results of that conference are indicated below:

\_\_\_\_\_ The case has been completely settled.

\_\_\_\_\_ No settlement reached.

\_\_\_\_\_ The parties have reached an impasse. The parties and the mediator agree that a future mediation conference(s) may be beneficial and will engage in additional discussions if appropriate.

**DATE:**                           **Signature of Mediator** _____

7. Counsel are advised that their clients or client representatives with *complete* authority to negotiate and consummate a settlement shall be in attendance at the mediation conference. The purpose of this requirement is to have in attendance a representative who has both the authority to exercise his or her own discretion and

the realistic freedom to exercise such discretion without negative consequences, in order to settle a case during the mediation conference, if appropriate, without consulting someone else who is not present.

8. Counsel appearing for the mediation conference without their client representatives authorized as described above, may, in the discretion of the mediator, cause the mediation to be canceled or rescheduled. The non-complying party/attorney or both may be assessed the costs or expenses incurred by other parties as a result of such cancellation or rescheduling, as well as any additional sanctions deemed appropriate by the Court. Counsel are responsible for timely advising any involved non-party insurance company of the requirements of this Order.

9. Pursuant to the Expense and Delay Reduction Plan adopted by this Court, this case is assigned to the "Standard" case management track.

10. The final date to join additional parties is **January 15, 2021.**

11. Motions to amend the pleadings shall be filed no later than **January 15, 2021**.

12. All fact discovery shall be commenced in time to be completed by **180 days after the Court's ruling on conditional collective certification.**

13. All potentially dispositive motions shall be filed as follows:

    Plaintiffs' motion for class certification - **45 days after the close of discovery;**

    Defendants' motion to decertify the collective - **45 days after the close of discovery;**

Summary judgment motions - **45 days after the close of discovery.**

Upon filing the identified motions, counsel shall provide the Court with a courtesy copy of that motion, supporting brief, and all accompanying exhibits. Counsel for the non-moving party shall also provide courtesy copies of briefs in opposition to the motion and all accompanying exhibits.

14. Reports from **Plaintiff's** retained experts shall be due **90 days after the Court's ruling on conditional collective certification.**

15. Reports from **Defendant's** retained experts shall be due **120 days after the Court's ruling on conditional collective certification.**

16. Supplementations shall be due **150 days after the Court's ruling on conditional collective certification.**

17. Expert discovery shall be commenced in time to be completed by **180 days after the Court's ruling on conditional collective certification.**

18. Scheduling of trial in this matter will be held in abeyance pending the expiration of the dispositive motion deadline and the resolution of any dispositive motions.

19. Should counsel be unable to resolve a discovery dispute, the party seeking relief shall contact Chambers at (570) 207-5750 and inform the Courtroom Deputy of the dispute. The party seeking relief shall thereafter promptly file a letter via CM-ECF, not to exceed two pages, requesting that the Court schedule a conference call and outlining the nature of the dispute and the relief sought. No party shall resort to the

filing of a formal discovery motion without first attempting to resolve the issue through a discovery teleconference with the Court. Should the Court find briefing necessary upon the conclusion of the teleconference, it will so order.

                                            */s/ Robert D. Mariani*
                                            Robert D. Mariani
                                            United States District Judge